# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JAMES PENNY
ADC #106289                                                                                   PLAINTIFF

V.                                    2:09CV00005 JMM/JTR

ESSIE E. CLAY,
Disciplinary Hearing Officer
East Arkansas Regional Unit, et al.                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.	Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, James Penny, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entries #2 and #5. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, with prejudice, because Plaintiff has failed to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the

## II. Discussion

On January 16, 2008, Plaintiff received a disciplinary charge for failing to obey an order, being insolent to a staff member, and creating unnecessary noise. *See* docket entry #5 at 8. The hearing on that disciplinary charge was postponed/extended on three occasions. *Id.* at 11, 12, and 13. During the February 5, 2008 disciplinary hearing, the disciplinary hearing officer found Plaintiff guilty of the first two charges, and not guilty of the last charge. *Id.* at 9. As punishment, Plaintiff was reduced in class and ordered to spend thirty days in punitive isolation. *Id.* Importantly, he did not lose any good time credits. *Id.*

On April 8, 2008, Plaintiff's disciplinary convictions *were reversed* (for an unspecified reason), and his class was restored.[2] *Id.* However, Plaintiff alleges that, when the disciplinary convictions were reversed, he had already spent thirty-eight days in punitive isolation.[3] *Id.*

### A.   Alleged Due Process Violation

Plaintiff alleges that Defendants violated his constitutional right to due process of law when they found him guilty of expired disciplinary charges and failed to respond to his appeals on a timely basis. *See* docket entries #2 and #5. It is well settled that an inmate has a Fourteenth Amendment

---

plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2]   Plaintiff claims that his disciplinary convictions were reversed because the hearing extensions were invalid. *See* docket entry #2.

[3]   It is unclear why Plaintiff allegedly was held in punitive isolation for thirty-eight rather than the specified thirty days.

right to due process of law *only* if a liberty interest is at stake. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).

The Eighth Circuit has held on numerous occasions that prisoners do *not* have a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). Similarly, the United States Supreme Court and the Eighth Circuit have held that temporarily placing a prisoner in punitive isolation, and temporarily suspending his privileges while so confined, *does not* constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 482-86 (1995) (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (same).

Importantly, this rule applies even if the disciplinary conviction is later reversed. *See Philllips,* 320 F.3d at 847-48 (8th Cir. 2003) (holding that thirty-seven days in isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under *Sandin*); *Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th Cir. 1996) (finding that there was no liberty interest at stake where a prisoner served forty-five days in administrative segregation before disciplinary decision was reversed). Thus, Plaintiff has failed to state a viable due process violation,

**B.    Alleged Equal Protection Violation**

In his Complaint, Plaintiff made the single, conclusory and unsupported allegation that

Defendants violated his "equal protection rights." *See* docket entry #2 at 4.  Although he has been given the opportunity to do so, Plaintiff has not asserted that he is a member of a protected class, that a fundamental right was violated, or that he was treated differently than similarly situated prisoners.[4] *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815-16 (8th Cir. 2008) (explaining that an inmate states a valid equal protection claim when he alleges that he was treated differently than similarly situated inmates based upon a suspect classification or a fundamental right); *Nolan v. Thompson,* 521 F.3d 983, 989-90 (8th Cir. 2008) (explaining that an inmate also states a valid equal protection claim – when no protected class or fundamental right is involved – if he alleges that he was intentionally treated differently than similarly situated inmates for no rational reason).  Accordingly, he has failed to state a valid equal protection violation

### C. Alleged Cruel and Unusual Punishment Claim

Finally, Plaintiff alleges that the thirty-eight days he spent in  punitive isolation constitutes "cruel and unusual punishment" in violation of the Eighth Amendment.  *See* docket entry #2.  To establish such a claim, a prisoner must show an "unnecessary and wanton infliction of pain," or a deprivation of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  In *Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003), the Eighth Circuit made it clear that an inmate's allegations that he was wrongfully required to spend thirty-seven days in punitive isolation –  where he was not allowed contact visitation, exercise privileges, or chapel rights – did *not* amount to an Eighth Amendment violation.  Plaintiff has failed to come forward with *any* facts

---

[4] On January 16, 2009, the Court issued an Order directing Plaintiff to file an Amended Complaint specifying, among other things, "how [his] equal protection rights were violated." *See* docket entry #3 at 3.  Plaintiff's Amended Complaint is merely a collection of his disciplinary forms, and appeals.  It does not contain *any* explanation of his equal protection or other claims. *See* docket entry #5.

establishing that the conditions he was forced to endure in punitive isolation for thirty-eight days constituted cruel and unusual punishment. Thus, he has failed to state a valid cruel and unusual punishment violation.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2.  Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 19th day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE